IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | |
| Plaintiff, | CIVIL ACTION NO. |
| v. | C O M P L A I N T |
| CLARKSVILLE HEALTH SYSTEM, G.P., d/b/a TENNOVA HEALTHCARE CLARKSVILLE, | JURY TRIAL DEMAND |
| Defendant. | |

## NATURE OF THE ACTION

This is an action under Title I of the Americans with Disabilities Act of 1990 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of disability and to provide appropriate relief to Mary Ferrell, who was adversely affected by such practices. As alleged with greater particularity in paragraphs 14(a)-(ll) below, Plaintiff Equal Employment Opportunity Commission alleges the Defendant, Clarksville Health System, G.P. d/b/a Tennova Healthcare – Clarksville, (Defendant Employer), denied reassignment to vacant positions as a reasonable accommodation to Ferrell, a qualified individual with a disability, and discharged her.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 107(a) of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12117(a), which incorporates by reference Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-5(f)(1) and (3) and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Middle District of Tennessee, Nashville Division.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1).

4. At all relevant times, Defendant, Clarksville Health System, G.P. d/b/a Tennova Healthcare - Clarksville, a Tennessee general partnership, has continuously been doing business in the State of Tennessee and the City of Clarksville, and has continuously had at least 15 employees.

5. At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce under Section 101(5) of the ADA, 42 U.S.C.§

12111(5), and Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporates by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. §§ 2000e(g) and (h).

6. At all relevant times, Defendant Employer has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

## ADMINISTRATIVE PROCEDURES

7. More than thirty days prior to the institution of this lawsuit, Mary Ferrell filed a charge with the Commission alleging violations of Title I of the ADA by Defendant Employer.

8. On August 7, 2019, the Commission issued to Defendant Employer a Letter of Determination finding reasonable cause to believe that Title I of the ADA was violated and inviting Defendant Employer to join with the Commission in informal methods of conciliation to endeavor to eliminate the discriminatory practices and provide appropriate relief.

9. The Commission engaged in communications with Defendant Employer to provide Defendant Employer the opportunity to remedy the discriminatory practices described in the Letter of Determination.

10. The Commission was unable to secure from Defendant Employer a conciliation agreement acceptable to the Commission.

11. On September 6, 2019, the Commission issued to Defendant Employer a Notice of Failure of Conciliation.

12. All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

13. Since at least July 18, 2017, Defendant Employer has engaged in unlawful employment practices at its Clarksville, Tennessee hospital in violation of Section 102 of Title I of the ADA, 42 U.S.C. 12112(a) and (5).

14. The unlawful employment practices include denying a reasonable accommodation to Ferrell, denying reassignment to vacant positions, and discharging her because of her disability.

(a) Ferrell worked for Defendant Employer as a Registered Nurse (RN) in Defendant Employer's Emergency Department.

(b) In November 2016, Ferrell injured her right knee and her physician diagnosed her with a complete tear of the anterior cruciate ligament of the right knee.

(c) Ferrell continued working with certain physical restrictions.

(d) In January 2017, Ferrell had knee surgery and her doctor placed her on medical leave for six weeks.

(e) Ferrell returned to work full duty in April 2017.

(f) Ferrell had problems with her knee, so her doctor restricted her to sedentary activity for one-third of her work day.

(g) In June 2017, Ferrell's doctor made her restriction permanent.

(h) Ferrell has a physical impairment that substantially limits her in the major life activities of standing, walking and lifting.

(i) On July 18, 2017, Defendant Employer told Ferrell that it had no duty to accommodate her permanent restriction.

(j) Defendant Employer said Ferrell had to find another position.

(k) Defendant Employer gave Ferrell ten days to find another position.

(l) Ferrell applied for numerous vacant positions with Defendant Employer.

(m) On July 19, 2017, Defendant Employer interviewed Ferrell for the position of RN Pre-Admission Testing (PAT).

(n) Ferrell met the qualifications for the PAT position.

(o) Ferrell could perform the job duties for the PAT position.

(p) A couple of the members of the interviewing panel recommended Ferrell for the PAT position.

(q) One member of the interviewing panel found that Ferrell was confident, had lots of experience, and seemed eager to learn new areas.

(r) Another member of the interviewing panel thought that Ferrell would fit within the group because she had a good background.

(s) A couple of the members of the interviewing panel did not recommend Ferrell for the PAT position because even though they thought she seemed very interested in the work and was a team player, they were concerned about Ferrell's longevity at the facility.

(t) None of the members of the interviewing panel knew that Ferrell was seeking a reasonable accommodation, reassignment to the PAT position, because of her disability.

(u) Reassignment to the PAT position would have allowed Ferrell to continue working.

(v) Defendant Employer did not reassign Ferrell to the PAT position.

(w) Ferrell applied for the Clinical Documentation Specialist (CDS) position.

(x) Defendant Employer admitted Ferrell could have worked within her restriction in the CDS position.

(y) Defendant Employer never interviewed Ferrell for the CDS position.

(z) Defendant Employer claimed Ferrell was not qualified for the CDS position because she did not have experience in the Intensive Care Unit (ICU).

(aa) Defendant Employer never included ICU experience as a requirement in its job posting for the CDS position.

(bb) Ferrell possesses ICU experience.

(cc) Defendant Employer never asked Ferrell if she had ICU experience.

(dd) On July 23, 2017, Ferrell asked about the CDS and PAT positions.

(ee) On July 25th, Defendant Employer notified Ferrell that the CDS and PAT positions were no longer available.

(ff) On July 25th, Defendant Employer reposted the CDS position.

(gg) On September 14, 2017, Defendant Employer mailed an offer letter for the CDS position to the person interviewed in August 2017, which that person accepted.

(hh) Defendant Employer never informed any of its hiring managers that Ferrell was seeking a reasonable accommodation.

(ii) Defendant Employer offered Ferrell a registrar position on or around August 16, 2017, approximately one month after terminating Ferrell's employment.

(jj) The registrar position paid less than $12.00 per hour and was substantially less than the RN position.

(kk) Prior to making the registrar offer to Ferrell, Defendant Employer had vacant equivalent positions for which Ferrell qualified for and could perform with or without a reasonable accommodation.

(ll) Defendant Employer failed to reassign Ferrell to an equivalent vacant position that Ferrell qualified for and had similar salary to the RN position held by Ferrell.

15. The effect of the practices complained of in paragraphs 14(a)-(ll) above has been to deprive Mary Ferrell of equal employment opportunities and otherwise adversely affect her status as an employee, because of her disability.

16. The unlawful employment practices complained of in paragraphs 14(a)-(ll) above were intentional.

17. The unlawful employment practices complained of in paragraphs 14(a)-(ll) above were done with malice or with reckless indifference to the federally protected rights of Mary Ferrell.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant Employer, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from discriminating against any employee on account of his or her disability.

B. Grant a permanent injunction enjoining Defendant Employer, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from denying a reasonable accommodation, reassignment to a vacant position to any qualified employee with a disability.

C. Grant a permanent injunction enjoining Defendant Employer, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from discharging employees because of their disability.

D. Order Defendant Employer to institute and carry out policies, practices, and programs which provide equal employment opportunities for qualified individuals with

disabilities or persons requesting reasonable accommodations, and which eradicate the effects of its past and present unlawful employment practices.

E. Order Defendant Employer to make whole Mary Ferrell, by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to reinstatement of Mary Ferrell.

F. Order Defendant Employer to make whole Mary Ferrell by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 14(a)-(ll) above, including insurance premiums not paid by Defendant Employer, in amounts to be determined at trial.

G. Order Defendant Employer to make whole Mary Ferrell by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraphs 14(a)-(ll) above, including emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

H. Order Defendant Employer to pay Mary Ferrell punitive damages for its malicious and reckless conduct, as described in paragraphs 14(a)-(ll) above, in amounts to be determined at trial.

I. Grant such further relief as the Court deems necessary and proper in the public interest.

J. Award the Commission its costs of this action.

<u>JURY TRIAL DEMAND</u>

The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully submitted,

SHARON FAST GUSTAFSON
General Counsel

JAMES LEE
Deputy General Counsel

s/ Faye A. Williams
FAYE A. WILLIAMS
Regional Attorney
TN Bar No. 11730

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
1407 Union Avenue, Suite 900
Memphis, TN 38104
Telephone (901) 544-0088

s/ Mark Chen
MARK CHEN
Trial Attorney
TN Bar No. 14268
mark.chen@eeoc.gov

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Nashville Area Office
220 Athens Way, Suite 350
Nashville, TN 37228
Telephone (615) 736-5784